OPINION
{¶ 1} Appellants Michael and Jennifer Farmer appeal a judgment of the Court of Common Pleas of Knox County, Ohio, which affirmed the decision of the Zoning Board of Appeals. The Zoning Board of Appeals denied the Farmers' application for a conditional use permit for property located at 204 Wiggins, Gambier, Knox County, Ohio.
 {¶ 2} After appellants' application was denied by the Board of Zoning Appeals, they appealed the matter to the court of common pleas. The Farmers argued to the trial court the decision of the Board of Zoning Appeals was not based upon substantial, reliable and credible evidence, and also was unconstitutional, illegal, arbitrary, capricious, unreasonable, and not supported by the preponderance of evidence.
 {¶ 3} The Farmers argued to the trial court the Zoning Regulations applied by the Board were so broad and vague they failed to provide any standard sufficient to guide the discretion of the Board. The Farmers cite us to State ex rel. Associated Land Investment Corporation v.Lyndhurst (1958), 168 Ohio St. 289, 154 N.E.2d 435. In the Lyndhurst
case, the Supreme Court held any authority delegated to an administrative body must be accompanied by standards sufficient to guide the body, and if these safeguards are absent, this delegation of power will be declared unconstitutional.
 {¶ 4} The trial court did not address the issue of the constitutionality of the zoning regulations in its judgment entry of December 3, 2002.
 {¶ 5} Before we review the trial court's decision, the trial court must complete its task and determine whether the Zoning Ordinances of the Village of Gambier are constitutional.
 {¶ 6} We vacate the trial court's judgment, so it may consider the matter more fully.
 {¶ 7} This matter is remanded to the trial court for further proceedings in accord with law and consistent with this opinion.
By Gwin, P.J., Farmer, J., and Boggins, J., concur